1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8    Melvin Gene Ross,                )
                                      )
9                     Petitioner,     )
                                      )
10               v.                   )    CIV 05-98 PHX DGC (VAM)
                                      )
11   Dora B. Schriro, et al.,         )    REPORT AND RECOMMENDATION
                                      )
12   _____Respondents. )

13   TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE.

14       Melvin Gene Ross ("petitioner") filed a pro se Petition for

15   Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner

16   raises four grounds for relief.  (Doc. 1 at pp. 5-7).  Respondents

17   filed an answer opposing habeas relief.  (Doc. 14).

18                           **I. BACKGROUND**

19       In November, 1998, petitioner was charged in CR 98-16058 with

20   resisting arrest, possession of burglary tools and false

21   information.  (Doc. 14 at Exhibit B).  On November 24, 1998,

22   petitioner entered a plea of guilty to the resisting arrest charge

23   and the trial court accepted the plea.  (Id. at Exhibit C).  On

24   April 22, 1999, the Court entered judgment of guilt on the

25   resisting arrest charge and sentenced petitioner to one year in

26   prison with credit for 141 days already served at the time of

27   sentencing.  The court granted the State's motion to dismiss the

28   other two charges and the allegations of prior convictions.  (Id.,

1   Exhibit E at pp. 24-25).

2       In his habeas petition, petitioner indicates he filed a

3   petition for post-conviction relief in the trial court on May 25,

4   2002.[1]  (Doc. 1 at p. 2).  Petitioner maintains the trial court

5   denied the petition on February 5, 2003.  (Id.).  Petitioner

6   further states he sought review in the Arizona Court of Appeals,

7   but review was denied.  (Id.).  Petitioner states his case was

8   pending in that Court from March 17 - June 6, 2003.  (Id.).

9       Respondents have not included a copy of petitioner's

10  petitions for post-conviction relief.  Respondents state that they

11  searched the record and found no indication petitioner initiated a

12  direct appeal or a collateral proceeding with respect to the

13  resisting arrest conviction in CR 98-16058.  (Doc. 14 at p. 2).

14  To support this claim, respondents have included a copy of the

15  case history for CR 98-16058.  (Id. at Exhibit F).

16      Respondents contend that petitioner's claims challenging his

17  conviction are barred by the statute of limitations.

18  Alternatively, they contend petitioner never properly exhausted

19  the claims presented in his habeas petition.

20                          **II. DISCUSSION**

21  **A. Statute of Limitations**

22      As part of the Anti-Terrorism and Effective Death Penalty Act

23  _____

24      [1]Petitioner states he filed the Notice of Post-Conviction
    Relief on September 15, 2000.  (Doc. 1 at p. 2).  The filing of the
25  notice initiates the collateral proceeding in Arizona and the
    proceeding is deemed "pending" from that time for purposes of
26  tolling of the federal statute of limitations.  See Isley v.
    Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir.
27  2004); see also 28 U.S.C. § 2244(d)(2).

28                               2

of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  This provision, codified at 28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Calderon v. United States District Court for the Northern District of California ("Beeler")(en banc), 128 F.3d 1283 (9th Cir. 1997), the Ninth Circuit addressed the new limitations period contained at 28 U.S.C. § 2244(d)(1).  The Court noted that prior to § 2244(d)'s enactment "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition" and that "delays of more than a decade did not necessarily bar a prisoner from seeking relief."  Beeler, 128 F.3d at 1286.

The Court noted, however, that the provisions of § 2244(d)

3

1  "dramatically changed this landscape" and a petitioner was now
2  "required to file his habeas petition within one year of the date
3  his process of direct review came to an end."  Id.  The Court,
4  following other circuits, also held that the period of limitations
5  "did not begin to run against any state prisoner prior to the
6  statute's date of enactment" of April 24, 1996.  Beeler, 128 F.3d
7  at 1287.  Thus, all federal habeas corpus claims concerning state
8  court judgments finalized prior to April 24, 1996, had to be filed
9  by April 23, 1997,[2] or they were barred by the statute of
10  limitations absent a showing the circumstances surrounding the
11  filing of the petition fell into one of the categories listed in §
12  2244(d)(1)(B)-(D).

13     The Beeler Court also held § 2244(d) established a customary
14  statute of limitations period "subject to equitable tolling."  Id.
15  at 1288-89.  The statute itself provided for tolling the
16  limitations period when a "properly filed application for State
17  post-conviction or other collateral relief with respect to the
18  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).
19  However, the Court cautioned that equitable tolling of the
20  limitations period "will not be available in most cases but will
21  only be granted if 'extraordinary circumstances' beyond a
22  prisoner's control make it impossible to file a petition on time."
23  Beeler, 128 F.3d at 1288-89 (citing Alvarez-Machain v. United

24  _____

25     [2] The Ninth Circuit has held that, pursuant to the counting
   provisions outlined in Fed.R.Civ.P. 6, the one-year limitations
26  period for all habeas petitioner's challenging convictions or
   sentences finalized prior to the April 24, 1996 effective date of
27  the AEDPA is April 24, 1997.  Patterson v. Stewart, 251 F.3d 1243,
   1246 (9th Cir. 2001).

28                              4

1   States, 107 F.3d 696, 701 (3rd Cir. 1997)).

2   **B. Application of Law to Facts of the Case**

3     Concerning their statute of limitations argument, respondents

4   contend that petitioner's case became final in April, 1999, when

5   the trial court entered its judgment and sentence.   They argue

6   that petitioner did not seek review of the conviction and sentence

7   in CR 98-016058 until he filed for federal habeas relief on

8   January 10, 2005, and that this filing is outside the 1-year

9   statute of limitations found at 28 U.S.C. § 2244(d).

10     To support their contention that petitioner did not seek

11   review following the entry of judgment and sentence in April,

12   1999, respondents have included a copy of a case information

13   document from the Superior Court of Maricopa County.   (Doc. 14 at

14   Exhibit F).   This document supports their claim that petitioner

15   never sought to challenge his conviction or sentence in CR 98-

16   016058 in state court via a petition for review pursuant to

17   Ariz.R.Crim.P. 32.1 or via any other avenue.

18     28 U.S.C. § 2244(d)(1) imposes a 1-year statute of

19   limitations on federal habeas claims challenging state court

20   convictions and sentences.   Specifically, a petitioner is to

21   commence his federal habeas petition no later than one year from

22   "the date on which the judgment became final by the conclusion of

23   direct review or the expiration of the time for seeking such

24   review; ..."   28 U.S.C. § 2244(d)(1)(A).   However, 28 U.S.C. §

25   2244(d)(2) provides for tolling of the limitations period for

26   "[t]he time during which a properly filed application for State

27   post-conviction or other collateral review ... is pending ..."

28

1    Because any challenge to his conviction in CR 98-016058

2    challenges the validity of his guilty plea, petitioner's only

3    avenue of attack in state court is via a petition for post-

4    conviction relief pursuant to Ariz.R.Crim.P. 32.1.  <u>State v.</u>

5    <u>Smith</u>, 910 P.2d 1,3 (Ariz. 1995) (en banc).  State rules of

6    procedure give petitioner 90 days from the entry of judgment to

7    file a Rule 32 petition.  <u>See</u> Ariz.R.Crim.P. 32.4(a).

8        In this case, the record shows petitioner never sought review

9    of his guilty plea in CR 98-016058 via a petition for post-

10   conviction relief.  (<u>See</u> Doc. 14 at Exhibit F).  Petitioner's

11   claims to the contrary are unsupported by any documentation in the

12   record.  However, even accepting petitioner's assertion that he

13   sought Rule 32 relief and commenced post-conviction proceedings

14   challenging his guilty plea in CR 98-016058 on September 15,

15   2000,[3] (<u>see</u> Doc. 1 at p. 2), the petition is still untimely.  The

16

17   [3]The Magistrate Judge notes that September 15, 2000, is the
     date petitioner filed a "Notice of Post-Conviction Relief"
18   commencing Rule 32 proceedings in regard to a separate conviction
     in CR 98-017796, which is the subject of a separate federal habeas
     case.  <u>See Ross v. Schriro</u>, CIV 05-97-PHX-DGC (VAM) (Doc. 14,
19   Exhibit G at 87).  Petitioner may confuse his filing for Rule 32
     relief in that case with filing for Rule 32 relief with respect to
20   his conviction (via guilty plea) in CR 98-016058, the case
     challenged in this habeas proceeding.  This view is bolstered by
21   the fact that the substance of his grounds for relief in this
     habeas, though purporting to attack his conviction in CR 98-016058,
22   (<u>see</u> Doc. 1 at p. 1), actually raise issues challenging the
     validity of his convictions in CR 98-017796, which, as noted, is
23   the subject of a habeas challenge in CIV 05-97.  (<u>See</u> Doc. 1 at pp.
     5-7).  In any case, for the reasons stated in the body of this
24   Report and Recommendation, to the extent petitioner challenges his
     conviction and/or sentence in CR 98-016058, and that is the only
25   conviction challenged in this habeas petition, his petition is
     barred by the 1-year statute of limitations found at 28 U.S.C. §
26   2244(d).  To the extent petitioner challenges his convictions
     and/or sentences in CR 98-017796, the merits of those claims will
27   be addressed when the Court disposes of his petition for habeas

28                                    6

90-day period for seeking Rule 32 relief challenging his guilty plea commenced on April 22, 1999, when the trial court entered judgment and sentence.  Petitioner had until July 22, 1999, give or take a day or two, to commence a timely Rule 32 proceeding. The limitations period for challenging his guilty plea via a federal habeas action began to run from that date and expired one year from that time, approximately July 22, 2000.  By petitioner's own contention, he did not commence any Rule 32 proceeding in state court until September 15, 2000.  Although a properly filed application for post-conviction relief tolls the running of the limitations period, it does not toll or save the claims once the limitations period has expired.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)("we hold that section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed.").  Thus, even assuming the September 15, 2000, filing challenged his conviction in CR 98-016058, which it clearly did not, the limitations period expired prior to initiation of State Rule 32 proceedings.

Unless petitioner can establish entitlement to statutory tolling, see 28 U.S.C. § 2244(d)(1)(B) - (D), or otherwise present a basis for equitable tolling, his challenge to his guilty plea in CR 98-016058 is time-barred.  Petitioner has made no plausible claim of entitlement to statutory or equitable tolling and no basis for tolling is apparent from the record.  As a result, petitioner's petition for writ of habeas corpus challenging his

relief in Ross v. Schriro, CIV 05-97-PHX-DGC (VAM).

7

1   conviction and/or sentence in CR 98-016058 (pursuant to a guilty

2   plea) is barred by the statute of limitations.

3       Because petitioner's habeas claims are barred by the statute

4   of limitations, the Court need not address respondents' contention

5   that the habeas claims were not properly exhausted in state court.

6       IT IS THEREFORE RECOMMENDED that the Petition for Writ of

7   Habeas Corpus be denied on the basis that all claims raised are

8   barred by the statute of limitations.

9       This Report and Recommendation is not an order that is

10  immediately appealable to the Ninth Circuit Court of Appeals.  Any

11  notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of

12  Appellate Procedure, should not be filed until entry of the

13  district court's order and judgment.  The parties shall have ten

14  (10) days from the date of service of this Report and

15  Recommendation within which to file specific written objections

16  with the Court.  Thereafter, the parties have ten (10) days within

17  which to file a response to the objections.  Failure to timely

18  file objections to any factual determinations of the Magistrate

19  Judge will be considered a waiver of a party's right to de novo

20  consideration of the factual issues and will constitute a waiver

21  of a party's right to appellate review of the findings of fact in

22  an order or judgment entered pursuant to the Magistrate Judge's

23  Report and Recommendation.

24      DATED this _16th_ day of August, 2005.

25

26

27  VIRGINIA A. MATHIS
    U.S. Magistrate Judge

28                              8