1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin G. Ross, ) | |
| Petitioner, ) | No. CIV 05-0098-PHX-DGC (VAM) |
| vs. ) | **ORDER** |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

Pending before the Court are Petitioner Ross's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and United States Magistrate Judge Virginia A. Mathis's Report and Recommendation ("R&R"). Docs. ##1, 20. The R&R recommends that the Court deny the petition because it is barred by the statute of limitations. Doc. #20 at 8.

**Discussion**

28 U.S.C. § 2244(d)(1) establishes a one-year statue of limitation for federal habeas claims. 28 U.S.C. § 2244(d)(2) provides for the tolling of the limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review is pending." In this case, Petitioner claims that he filed a petition for post-conviction relief on May 25, 2002. Respondents deny any such relief was sought, and there is no documentation in the record supporting Petitioner's claim. Docs. #1, 14, Ex. F. Because Petitioner's conviction occurred in April of 1999, he filed no application for state

post-conviction relief or collateral review, and this Petition was not filed until 2005, this Petition is clearly untimely, and must be denied.

Even if the Court accepted Petitioner's assertion that he filed a notice for post-conviction relief on September 15, 2000, his appeal would be untimely. As explained in the R&R, Rule 32 gives the petitioner 90 days from the entry of judgment to file a claim for relief. Ariz. R. Crim. P. 32.4; Doc. # 20. The final judgment and sentence was rendered on April 22, 1999. Doc. #20. Petitioner therefore had until approximately July 22, 1999, to commence a timely Rule 32 proceeding, *see* Ariz. R. Crim. P. 32.4, and the one-year limitations period ended on approximately July, 22, 2000. *See* U.S.C. § 2244(d)(1). Petitioner's alleged notice for post-conviction relief, filed on September 15, 2000, would therefore have been filed after the one-year limitations period had elapsed and his claim remains untimely, barred by the statute of limitations. Doc. #1 at 2.

Petitioner argues cryptically in his objection to the R&R that the statute of limitations should be equitably tolled due to the presence of extraordinary circumstances (Doc. #24 at 4), but he provides no explanation for this argument. On September 12, 2005, Petitioner filed a motion to amend his objections to the R&R. (Docs. ##25, 28.) Although the motion asserts a variety of legal arguments, none of them address the Magistrate Judge's decision or the application of the one-year statute of limitations.

The Court will accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b).

**IT IS ORDERED:**

1. Magistrate Judge Virginia A. Mathis's R&R (Doc. #20) is **accepted.**.

2. Petitioner Ross's petition for writ of habeas corpus (Doc. #1) is **denied**.

3. Petitioner's Motion to Request Documents without Cost (Doc. #22) and Petitioner's request that the Clerk of the Court file and serve documents (Doc. #22) are **denied.**

4. Petitioner's application to proceed In Forma Pauperis (Doc. #23) is **denied** as moot.

5. Petitioner's Petition for an Evidentiary Hearing to the R&R (Doc. #24) is **denied**.

6. Petitioner's Motion to Amend the Objections to the R&R (Doc. #25) is **granted.**

7. Petitioner's Motion by Leave of the Court to Request Counsel Representation (Doc. # 26) is **denied** as moot.

8. Petitioner's Motion by Leave of the Court to Request Discovery (Doc. #27) is **denied**.

9. Petitioner's Motion by Leave of the Court to Amend the Objections to the R&R (Doc. #28) is **granted**.

10. Petitioner's Motion by Leave of the Court to Request all Copies of all Legal documents filed in this Court is **denied** as moot.

11. The Clerk of Court shall **terminate** this action.

DATED this 19th day of December, 2005.

_David G. Campbell_
David G. Campbell
United States District Judge

- 3 -